No. 20,400.

CARL CLAYTON COPPINGER *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(380 P. [2d] 19)

Decided March 25, 1963.

Plaintiff in error, pro se.

MR. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GEORGE W. NICASTRO, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error, defendant in a criminal case in

the district court of Alamosa County, was convicted by a jury of obtaining goods and money by use of the confidence game. Also in the information, under separate counts, it was related that he had been previously convicted of two prior felonies, C.R.S. '53, 39-13-1. Defendant claims error in both his convictions on the substantive offense of confidence game and in the proceedings under which he was sentenced as an habitual criminal.

We find no merit to his assignments of error on his conviction on the confidence game charge and so make no comment thereon. However, error was committed in the manner of proof of the prior convictions as well as in the form of the verdict returned by the jury in that proceeding. Therefore, the sentence under the act was erroneous and its imposition constitutes reversible error. *Smalley v. People,* 116 Colo. 598, 183 P. (2d) 558.

In offering to prove that defendant had been twice convicted of other felonies, the district attorney offered as sole evidence, and the court received over objection, *certified copies* of the court records in the two foreign states where he was alleged to have been convicted. C.R.S. '53, 39-13-2 provides:

"Evidence of former convictions. — On any trial under the provisions of this article, a duly *authenticated* copy of the record of former convictions and judgments of any court of record for any of said crimes against the party indicted or informed against shall be prima facie evidence of such convictions and may be used in evidence against such party." (Italics ours.)

What constitutes authenticated copies was fully defined in *Brown v. People,* 124 Colo. 412, 238 P. (2d) 847. Certified copies are not sufficient to make a prima facie case under the statute. The additional certificates of authenticity by the judge of the court that the clerk who certified the records is in fact the clerk of the court and is the custodian of the records and papers thereof, and that his attestation is in due form and

according to law, and the additional certificate by the clerk that the judge who so certified is the duly elected, commissioned and qualified judge of said court are essential before the documents may be received under the statute.

 Also in this case the jury brought in a single verdict which "packaged" a finding of the two prior convictions of defendant. This verdict was erroneous as was determined in a similar situation, *DeGesualdo v. People,* 147 Colo. 426, 364 P. (2d) 374, wherein it was held that the prior convictions must be submitted to the jury separately and they must return separate verdicts on each prior conviction.

The verdict and judgment of conviction on the information charging the defendant with confidence game is affirmed. The judgment and sentence under the habitual criminal act is reversed and the cause remanded to the trial court with directions to vacate said judgment and sentence and to bring the defendant before the court to be resentenced on the one charge only, the court to take into consideration the time already spent by the defendant in the state penitentiary under the void sentence.

Mr. Justice Moore not participating.